IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ALAIN KODSI, RACHEL FOSTER, :     No.
532 BROOKLYN, LLC, DEMK, LLC, :
and WPHL HOUSING ASSOCIATES, :
LLC :
      :
      Plaintiffs-Petitioners     :
      :
v.     :
MOSHE ATTIAS, UNITY LOFTS, :
AND MARION COURT, LLC     :

      Respondents -Defendants


**PETITION TO CONFIRM ARBITRATION AWARD**

Under Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, Plaintiffs-Petitioners, Alain Kodsi, Rachel Foster, 532 Brooklyn, LLC, DEMK, LLC, and WPHL Housing Associates, LLC, file this petition to confirm arbitration award and aver as follows:

**Parties and Jurisdiction**

1.     Petitioners are Alain Kodsi, Rachel Foster, 532 Brooklyn LLC, and DEMK, LLC (collectively, "Petitioners").

2.     Respondents are Moshe Attias, Unity Lofts, LLC, and Marion Court, LLC (collectively, "Respondents").

3.     Each respondent is a resident of the Eastern District of Pennsylvania.

4.     This Court has jurisdiction over this matter under 9 U.S.C. § 1, et seq., the Federal Arbitration Act ("FAA").

## Background

5.      On November 5, 2018, Petitioners filed a complaint with this Court against respondents, Moshe Attias ("Attias") and Unity Lofts, LLC ("Unity Lofts"). *See* Civil Action No. 18-4853 (ECF No. 1).

6.      On February 28, 2019, Mr. Attias and respondent, Marion Court LLC ("Marion Court"), filed a complaint with the Philadelphia Court of Common Pleas against petitioners Alain Kodsi and 532 Brooklyn, LLC which was removed to this Court. *See* Civil Action No. 19-866, ECF No. 1.

7.      The cases were assigned to the Honorable Mitchell S. Goldberg of this Court.

8.      On July 25, 2019, Judge Goldberg administratively consolidated the matters. *See* Civil Action No. 18-4853 (ECF No. 17).

9.      On December 16, 2019, Mr. Attias and Marion Court filed an amended complaint to include claims against WPHL Housing Associates, LLC ("WPHL"). *See* Civil Action No. 19-866, ECF No. 28.

10.      On June 4, 2024, Petitioners and Respondents, with their respective counsel, appeared before this Court and placed a settlement agreement on the record whereby the parties agreed, inter alia, to resolve their disputes through binding arbitration. Notes of Testimony, 6/4/2024, Civil Action 2:18-cv-04853, 27:4-33:3, ECF No. 229 at **Exhibit "1."**

11.     Pursuant to the agreement, if the parties could not agree on an arbitrator, the parties would select an arbitrator from three names proposed by the parties. *Id.*

12.     By letter to the Court dated February 21, 2025, the parties proposed the following arbitrators: The Honorable Thomas J. Reuter (ret.), the Honorable Diane Welsh (ret.) and David Braverman, Esquire. *See* Civil Action No. 2:18-cv-04853, ECF No. 241.

13.     By order dated March 7, 2025, this Court appointed the Honorable Thomas J. Reuter ("Judge Reuter") as arbitrator. *Id.*, at ECF No. 243, at **Exhibit "2."**

14.     Pursuant to that order, a demand for arbitration was filed with JAMS to proceed before Judge Reuter and the matter was assigned case No. 5450000980 (the "Arbitration").

15.     Counsel for Respondents, Sandhya M. Feltes, of Kaplin Stewart, who represented Respondents at all stages before this Court received notice of the demand for arbitration and all notices regarding the Arbitration.

16.     However, Ms. Feltes and respondents chose not to participate in the Arbitration.

17.     On December 2, 2025, Judge Reuter conducted an arbitration hearing.

18.     On February 17, 2026, Judge Reuter issued a final arbitration award in favor of Petitioners and against Respondents (the "Arbitration Award"). A copy of the Arbitration Award is attached at **Exhibit "3"** and incorporated by reference.

19.     Among other things, the Arbitration Award awarded:

a. Compensatory damages of $350,000 to petitioner, Rachel Foster, and against respondent, Moshe Attias.

b. Compensatory damages of $135,464 to petitioner DEMK, LLC and against respondents, Moshe Attias and Unity Lofts, LLC.

c. Punitive damages of $500,000 to petitioners Rachel Foster and DEMK, and against respondents, Moshe Attias and Unity Lofts, LLC.

d. Compensatory damages of $1,430,470, to petitioner 532 Brooklyn, LLC and against respondent, Moshe Attias.

e. Compensatory damages of $27,099.05 to petitioner, WPHL Housing Associates, LLC and against respondent, Moshe Attias.

f. Awarding petitioners pre- and post-judgment interest on the award.

g. Enter equitable relief in favor of petitioner DEMK LLC and against respondent, Moshe Attias, ordering him to transfer title to real property located at 734 Locust Avenue, Philadelphia, Pennsylvania to DEMK.

h. Dismissing with prejudice all claims raised by respondents Moshe Attias and Marion Court LLC.

*Id.,* 16-17.

4

## COUNT I
### Petition to Confirm Arbitration Award
### 9 U.S.C. § 9

20.    Petitioners incorporate the previous paragraphs by reference.

21.    Under Section 9 of the FAA, a party may make application to the district court in and for the district where the arbitration award was made for an order confirming the award. 9 U.S.C. § 9.; *Loc. 177 v. United Parcel Serv.*, 966 F.3d 245, 251 (3d Cir. 2020) (citation omitted) ("[W]hen enforcement of an arbitration award is sought[,] ... the [FAA] authorizes the district court to confirm, vacate, or modify the award under a narrow scope of judicial review.")

22.    The party seeking to confirm the award must file the application within one year of the award. 9 U.S.C. § 9.

23.    "Once confirmed, an arbitration award becomes a judgment of the court, entitled to 'the same force and effect, in all respects, as, and ... subject to all the provisions of law relating to, a judgment in [any other] action.'" *Teamsters Loc. 177*, 966 F.3d at 251 (quoting 9 U.S.C. § 13).

24.    *See id.* at 251 (""confirmation under § 9 that converts the award into a judgment of the court." *Id.*

25.    The Arbitration Award was made in this district.

26.    Respondents have refused and/or failed to satisfy the Arbitration Award.

27.    Less than one year has passed since the Arbitration Award was made.

28.     Additionally, more than 90 days have passed since the Arbitration Award was made and Respondents have not moved to vacate, modify, or correct the Arbitration Award. 9 U.S.C. § 12.

29.     Therefore, the Arbitration Award is final and binding.

## Prayer for Relief

WHEREFORE, Petitioners respectfully request that this Court grant their Petition to Confirm the Arbitration Award entering an order awarding the following relief:

a. Ordering that the Arbitration Award is confirmed;

b. Entering judgment in favor of petitioner, Rachel Foster, and against respondent, Moshe Attias in the amount of $710,000 plus pre- and post-judgment interest;

c. Entering judgment in favor of petitioner, DEMK, LLC, and against respondents, Moshe Attias and Unity Lofts in the amount of $275,464 plus pre- and post-judgment interest;

d. Entering judgment in favor of petitioner, 532 Brooklyn, LLC, and against respondent, Moshe Attias, in the amount of $1,430,470, plus pre- and post-judgment interest;

e. Entering judgment in favor of petitioner, WPHL Housing Associates, LLC and against respondent, Moshe Attias,  in the amount of $27,099.05 plus pre- and post-judgment interest;

f.  Enter equitable relief in favor of petitioner DEMK LLC and against respondent, Moshe Attias, ordering him to transfer title to real property located at 734 Locust Avenue, Philadelphia, Pennsylvania to DEMK;

g.  Dismissing with prejudice all claims raised by respondents Moshe Attias and Marion Court LLC, and

h.  Awarding Petitioners all necessary and appropriate relief.

Respectfully submitted,

Dated:  June 3, 2026

/s/ Walter S. Zimolong
WALTER S. ZIMOLONG, ESQUIRE
Zimolong, LLC
Attorney I.D. 89151
wally@zimolonglaw.com
PO Box 552
Villanova, PA 19085-0552
Tele: 215-665-0842

7